ML:CPK
File #2006R00084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA　　　　　　　CR 06-232(JB)

-against-　　　　　　　　　　　　　　　　AFFIDAVIT IN OPPOSITION TO
　　　　　　　　　　　　　　　　　　　　MOTION TO SUPPRESS
CHUNON BAILEY,

　　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD SNEIDER, pursuant to 28 U.S.C. Section 1746, states as follows:

1. I am a detective for the Suffolk County Police Department. On July 28, 2005, I obtained a search warrant for a handgun from Judge Lotto of the First District Court in the Town of Islip, New York ("search warrant") for a search of the basement apartment at 103 Lake Drive, Wyandanch, New York ("search site").

2. Shortly before the search warrant for 103 Lake Drive issued by Judge Lotto that day was to be executed, Detective Gorbecki and I observed two individuals leave the apartment and enter a black lexus parked in the driveway.

3. For safety reasons, we did not want to detain the two individuals in the driveway or within sight of the search site. Among other safety concerns, we were concerned that, if other people remained in the apartment, these two individuals might alert them to the presence of law enforcement.

4. To prevent flight of the individuals in the event that incriminating evidence was found and the removal of contraband, we followed the black lexus for approximately a mile and stopped it near the Wyandanch Fire Department.

5. After stopping the vehicle, the two occupants were told to step out of the vehicle and go to the back of the car.

6. At the back of the car, they identified themselves as Chunon Bailey, who said that he lived at 103 Lake Drive, the search site, and Bryant Middleton. After they were advised of the execution of the search warrant at the search site, Mr. Bailey said that he did not live there and what you find there ain't mine.

7. Mr. Bailey was a heavy set black male with short hair, matching the description of the individual identified by a confidential informant as occupying the basement apartment at 103 Lake Drive, the search site. The confidential informant had advised us that the identified individual sold illegal drugs and kept handguns nearby.

8. For safety reasons, at that time, Messrs. Bailey and Middleton were patted down in a search for weapons. As part of that search, hard items were removed from their persons including, from Mr. Bailey, keys on a key ring and Mr. Bailey's wallet.

9. They were handcuffed to be brought back to the site of the execution of the search warrant. The wallet was returned to Bailey's pants. At that time, the keys on the key ring, which contained the keys to the black lexus, were used to transport the black lexus back to the scene of the search. Uniformed officers drove Messrs. Bailey and Middleton back to the scene of the search.

10. As we arrived back at the search site, we were advised by the entry team that there was a gun and drugs in plain view in the apartment.

11. At that time, both Bailey and Middleton were placed under arrest and the keys on the key ring were not returned to Bailey but were seized incident to the arrest.

12. Subsequently, during the search of the apartment, a key on the key ring with the car keys was tested and fit the lock of the door of the apartment. At that time, the key, as well as the lock on the door, were seized for evidence.

I declare under penalties of perjury that the foregoing is true and correct. Executed on July 10, 2006.

RICHARD SNEIDER